*Randy Sanchez v. Daily Nutritionals, Inc.– Case No. 1:23-cv-04835-HG – Settlement Agreement*

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement ("Agreement") is entered into between Plaintiff, RANDY SANCHEZ, including his heirs, executors, administrators, successors, and assigns (hereinafter, collectively, "Plaintiff") and Defendant, DAILY NUTRITIONALS, INC. and its sister companies, parent companies, subsidiaries, divisions, successors, and assigns (hereinafter, collectively, "Defendants").

WHEREAS, Defendants operate an alleged place of public accommodation and has the following website: https://www.dailybenefit.com (hereinafter the "Website"), which is available through the Internet; and

WHEREAS, Plaintiff filed a class action alleging that following a compliance review, the Website is not fully accessible to individuals with disabilities in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA"), and the New York City Human Rights Laws and has filed suit in the U.S. District Court for the Eastern District of New York (the "Court") entitled *RANDY SANCHEZ, on behalf of himself and all others similarly situated v. DAILY NUTRITIONALS, INC. (1:23-cv-04835-HG)* (the "Action") alleging that the Website is not fully accessible to individuals with disabilities in violation of Title III of the ADA, state and local law.

NOW THEREFORE, in consideration of the mutual promises contained therein, and intending to be legally bound, the parties agree, as follows:

1.  General Release of Claims.  For and in consideration of the promises, commitments and undertakings set forth in this Agreement, and for other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff shall release and discharge Defendants, together with its past, present, and future officers, directors, employees, stockholders, parent entities, sister entities, subsidiary entities, insurers, and to the predecessors, successors, heirs, executors, administrators, assigns, of each of the foregoing, each in their capacity as such (collectively, the

2809547.1

*Randy Sanchez v. Daily Nutritionals, Inc.– Case No. 1:23-cv-04835-HG – Settlement Agreement*

"Released Parties"), from any and all claims, causes of action, suits, demands, rights, liabilities, damages, lawsuits, losses, fees, costs or expenses of any kind whatsoever, whether known or unknown, including any monetary, injunctive or declaratory relief relating thereto, or for reimbursement of attorneys' fees, costs and expenses, relating to the Action, but not including claims related to the enforcement of this Agreement.  This release specifically applies to all claims  in the Action,  regarding the accessibility of the Website, including but not limited to all claims arising from or relating to the ADA, any federal, state, or local law, statute or ordinance, rule or principle of common law or doctrine in law or equity, known or unknown, suspected or unsuspected, foreseen or unforeseen, real or imaginary, actual or potential, through the date of this Agreement (the "Released Claims").  Plaintiff, on his own behalf and on behalf of the Releasing Persons, acknowledges that he may have released claims that are presently unknown and that the release contained in this Agreement is intended to and does fully, finally and forever discharge all such released claims, whether now asserted or unasserted, known or unknown, he may have against Defendants and Released Parties.

2. <u>Attorneys' Fees, Costs, Expenses, and Payments</u>.  As a full and complete compromise of all Released Claims, Defendant agrees to pay, and RANDY SANCHEZ agrees to accept the total sum of Nine Thousand Dollars ($9,000.00) (the "Settlement Payment"), as payment in full. The Settlement Payment shall be made within ten (10) days following Defendant's receipt of the Agreement executed by Plaintiff. The Settlement Payment is made in satisfaction of all claims which were raised, or could or should have been raised in the Lawsuit, by RANDY SANCHEZ whether known or unknown, contingent, liquidated or unliquidated, including without limitation, RANDY SANCHEZ's attorney fees, court costs, associated expenses, expert or consultant fees or expenses, damage claims, if any, and any and all other claims relating to the Lawsuit and the Released Claims. The Settlement Payment should be made payable to: Noor A. Saab, Esq., 380 North Broadway, Penthouse West, Jericho, New York 11753 or by wire transfer to:

2809547.1

*Randy Sanchez v. Daily Nutritionals, Inc.– Case No. 1:23-cv-04835-HG – Settlement Agreement*

Routing: 021000089
Account # 4993942198
Lender: Citibank, NA
Company: The Law Office of Noor A. Saab

3.      No warranty or representation of the tax consequences of the Settlement Payment, if any, is made by the Released Parties.  It shall be RANDY SANCHEZ and his attorneys' sole responsibility to pay taxes, if any, on the Settlement Payment. RANDY SANCHEZ and his attorneys requested that the Settlement Payment be issued in the manner set forth herein.  RANDY SANCHEZ and his attorneys hereby indemnify the Released Parties and hold the Released Parties harmless from the assessment of any taxes, interest, and penalties that the IRS or any other taxing authority, court, or tribunal determines should have been paid in connection with any monies paid pursuant to this Agreement.

4.      Remedial Measures.  Within twenty-four (24) months from the date of this Agreement ("Modification Period"), Defendants shall use their best efforts to bring the Website (or any successor website) into substantial conformance in reasonable respects with the applicable Web Content Accessibility Guidelines ("WCAG") 2.1 Level AA.  Should Congress, the Department of Justice, or the United States Supreme Court issue a ruling or final regulations (as applicable) adopting a legal standard for website accessibility that is different from the WCAG 2.1, Defendants shall have the option of substantially complying with such legal standard in its sole and absolute discretion. Notwithstanding the foregoing, Third-Party Content (as defined below) on the Website will not be required to meet the WCAG 2.1. (The term "Third-Party Content" refers to web content that is not developed or owned by Defendants).  The Parties further agree that Defendants can link to Third-Party Websites (as defined below) and shall not be responsible or liable for the state of their accessibility to individuals with disabilities. (The term "Third-Party Websites" refers to websites that are not developed, owned and operated by Defendants). If Defendants' ability to meet the deadline

2809547.1

DocuSign Envelope ID: 1186059C-D4F2-4234-AF72-39E5B039C9CC

*Randy Sanchez v. Daily Nutritionals, Inc.– Case No. 1:23-cv-04835-HG – Settlement Agreement*

for compliance with this Section 3 is delayed by third-party vendors, acts of God, force majeure or other reasons that are outside of Defendants' control, the Parties' respective counsel shall meet and confer regarding an extended deadline. If the Parties disagree regarding an extended deadline after the meet-and-confer, either Party will have the right to seek judicial relief.

## **MISCELLANEOUS PROVISIONS**

5.    <u>Enforcement</u>.  Except for breach of payment pursuant to paragraph 2 of this Agreement which shall be subject to a twenty-one (21) day cure period, if any of the parties hereto claim that this Agreement or any portion of it has been violated ("breach"), the party alleging the breach shall give written notice (including reasonable particulars) of such violation to the party alleged to be in breach. The party alleged to be in breach of the agreement must respond to such written notice of breach no later than 60 calendar days thereafter ("Cure Period").  If the alleged breach is of a nature that it cannot be cured during the Cure Period, the parties shall mutually extend the Cure Period to reflect the reasonable time period in which the alleged breach can be cured.  If the parties are unable to reach a mutually acceptable resolution during the Cure Period, or any extension thereof, the party alleging a breach of the Agreement may seek court enforcement of compliance with this Agreement.  The Court shall, in its discretion, award reasonable attorneys' fees and costs to the prevailing party in any such enforcement action.

6.    <u>Scope</u>.  This Agreement does not purport to remedy any violations or potential violations of the ADA or any federal or state law, other than those relating to the accessibility of the Website to individuals with vision disabilities.

7.    <u>Authority</u>.  The signatories represent that they have the authority to bind the respective parties identified below to the terms of this Agreement.

8.    <u>Confidentiality</u>.  Plaintiff, for himself and his Counsel, agents and representatives, and Defendants, their Counsel, agents and representatives, agree that, they will not without the prior

2809547.1

DocuSign Envelope ID: 1186059C-D4F2-4234-AF72-39E5B039C9CC

*Randy Sanchez v. Daily Nutritionals, Inc.– Case No. 1:23-cv-04835-HG – Settlement Agreement*

written consent of the other Party communicate, publish, display, discuss, disclose, reveal or characterize (directly or indirectly by innuendo or other means) in any way to anyone under any circumstances (i) the terms of this Agreement and (ii) the negotiations leading up to this Agreement, except (a) as may be required by Order of Court or other quasi-judicial or regulatory body with the legal right and power to demand such information, (b) to Plaintiff's or Defendants' legal and financial advisors, in each case where such disclosure may be required for legitimate legal, business or tax purposes and where the recipient of such information agrees to receive and maintain the information in strict confidence in accordance with the terms of this Agreement, (c) to any appropriate regulatory or tax authorities with jurisdiction over Plaintiff or Defendants, and (d) as otherwise may be required by law.   Prohibited disclosure hereunder shall include, without limitation, the making of any statement, written or oral, to any person through any medium, including (without limitation) newspaper, magazine, radio, television or electronic media (such as internet website, chat room, instant messaging or any other similar medium).   If Plaintiff or Defendants, or their respective Counsel, agents or representatives receive an unsolicited inquiry about this Agreement, the Action, any disputed matter, any released claims, or any other matter subject to the confidentiality and non-disclosure provisions of this Agreement, such Party will respond only that "the matter has been resolved." If any Party shall be in material breach of the obligations in respect of the confidentiality and non-disclosure provisions of this Agreement, the non-breaching Party shall be entitled to, in addition to other remedies, temporary and permanent injunctions restraining such breach, and to a decree for specific performance of this provision.  The Plaintiff and Defendants agree that calculating the damages for the breach of this provision is difficult.   Therefore, the Parties agree that non-breaching Party shall be entitled to recover from the breaching Party its attorneys' fees and costs expended in any action or proceeding to enforce this Paragraph of this Settlement Agreement. Notwithstanding the provisions above, it shall not be a breach of this provision for Defendants to

2809547.1

DocuSign Envelope ID: 1186059C-D4F2-4234-AF72-39E5B039C9CC

*Randy Sanchez v. Daily Nutritionals, Inc.– Case No. 1:23-cv-04835-HG – Settlement Agreement*

disclose the Settlement Agreement for the purposes of facilitating the withdrawal or dismissal of a subsequent claims made by an individual with a disability, or his/her representative, that Defendants' Website is not accessible in violation of the law, however, in such case, Defendants' shall redact the provisions of Paragraph 2 (Payment of Certain Expenses) above.

9.    <u>Counterparts Permissible</u>.  This Agreement may be executed in counterparts, each of which shall be deemed an original against the Party whose signature is provided, and all of which shall be considered an original and together shall constitute one agreement binding on all Parties. Electronic signatures shall be deemed to be as valid and enforceable as original ink signatures.  Given Plaintiff is visually impaired, it is permissible for him to electronically sign the Agreement by confirming in email that he agrees to all of its terms or DocuSign or a comparable program.

10.    <u>Notices</u>.  All letters, notices, requests, demands and other communication required or permitted to be given to the Parties pursuant to this Agreement shall be in writing, provided by electronic mail, facsimile, and/or next-day (excluding Saturday and Sunday) express delivery service and addressed as follows:

For Plaintiff:

Noor A. Saab Esq.
**The Law Office of Noor A. Saab, Esq.**
380 North Broadway, Penthouse West
Jericho, New York 11753
Tel: 718-740-5060
Email: NoorASaabLaw@Gmail.com

For Defendant:

Matthew F. Messina, Esq.
**Heidell, Pittoni, Murphy & Bach, LLP**
99 Park Avenue
New York, NY 10016
Tel: 212-286-8585
Email: MMessina@hpmb.com

2809547.1

DocuSign Envelope ID: 1186059C-D4F2-4234-AF72-39E5B039C9CC

*Randy Sanchez v. Daily Nutritionals, Inc.– Case No. 1:23-cv-04835-HG – Settlement Agreement*

11.      <u>Governing Law</u>.  This Agreement shall be governed by the laws of the State of New York without regard to conflicts or choice of law rules or principles. Any action to enforce the terms of this Agreement shall be filed in the State of New York only.

12.      <u>Waiver</u>.  If a party, by its actions or omissions, waives or is adjudged to have waived any breach of this Agreement, any such waiver shall not operate as a waiver of any other subsequent breach of this Agreement.

13.      <u>Non-Assignment.</u>  Plaintiff represents and warrants that he has made no assignment, and will make no assignment of any claim, right to sue, right of action, or any right of any kind whatsoever, embodied in any of the claims and allegations which are being released, as set forth above, and that no other person or entity of any kind had or has any interest in any of the demands, obligations, actions, causes of action, debts, liabilities, rights, contracts, damages, attorneys' fees, costs, expenses, losses, or claims referred to herein.

14.      <u>Non-admission of Wrongdoing</u>.  The Parties agree that neither this Agreement nor the furnishing of the <u>consideration</u> for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Released Parties of wrongdoing or evidence of any liability or unlawful conduct of any kind.

15.      <u>Amendment</u>.  This <u>Agreement</u> may not be modified, altered, or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

16.      <u>Stipulation of Dismissal</u>.  Within ten (10) days after the date Plaintiff's counsel receives the Settlement Payment, the parties, through their respective attorneys of record, shall execute, and Plaintiff, through his attorneys of record shall file the stipulation and order of dismissal with prejudice.

2809547.1

Page **7** of **8**

*Randy Sanchez v. Daily Nutritionals, Inc.– Case No. 1:23-cv-04835-HG – Settlement Agreement*

17. <u>Successor and Assigns</u>. This Agreement is binding upon and shall inure to the benefit of the parties hereto <u>and</u> their respective heirs, executors, administrators, personal or legal representatives, successors and/or assigns.

18. <u>Construction of Agreement</u>. The parties waive all applicable rules of construction to the extent that any provision of this Agreement should or could be construed against its drafter. The parties further agree that all provisions of this Agreement shall be construed as a whole, according to the fair meaning of the language used.

19. <u>Severability</u>. <u>If</u> any provision of this Agreement is or shall be declared invalid or unenforceable by a court of competent jurisdiction, except paragraph 1 (General Release of Claims), the remaining provisions shall not be affected thereby and shall remain in full force and effect.

20. <u>Integration and Modification</u>. This Agreement contains all of the representations, promises, and <u>understandings</u> of the parties. There are no other agreements or understandings except as set forth therein.

*Intending to be legally bound, the parties have executed this Agreement.*

Dated: 11/15/2023

RANDY SANCHEZ

Dated: 11/20/2023

DAILY NUTRITIONALS, INC.

By:

Name: Matthew Messina, Esq.

Title:

2809547.1